**RABINOWITZ, LUBETKIN & TULLY, LLC**
293 Eisenhower Parkway, Suite 100
Livingston, N.J. 07039
(973) 597-9100
Jonathan I. Rabinowitz
Henry M. Karwowski
jrabinowitz@rltlawfirm.com
Attorneys for Jeffrey A. Lester, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Case No. 25-14910 (SLM) |
| ILIAS SARRIS, | Chapter 7 |
| Debtor. | Hearing Date: Sept. 8, 2026 at 10:00 AM |

**CERTIFICATION OF JEFFREY A. LESTER, CHAPTER 7 TRUSTEE, IN SUPPORT OF MOTION FOR APPROVAL OF SETTLEMENT AND MUTUAL RELEASE AGREEMENT WITH ILIAS SARRIS, CHAPTER 7 DEBTOR**

Jeffrey A. Lester, Chapter 7 Trustee, hereby certifies as follows:

1. I am the Chapter 7 Trustee for the bankruptcy estate of Ilias Sarris (the "Debtor"). As such, I am fully familiar with the matters set forth herein.

2. I submit this Certification in support of my Motion for approval of a Settlement and Mutual Release Agreement (the "Settlement Agreement") with the Debtor; the settlement resolves the Debtor's interest in a certain limited liability company.

3. Based on my experience and in my good faith business judgment, and for the reasons set forth in the Motion filed with this Certification, I submit that the proposed settlement easily satisfies the "Martin" test for approval of a settlement in bankruptcy.

**Background.**

4. The Debtor is a member and 23.67% owner of Sarris Family, LLC (the "LLC").

5. The Debtor receives monthly distributions on account of his interest in the LLC.

6. On May 7, 2025, the Debtor filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey. Petition (ECF No. 1).

7. On May 8, 2025, I was appointed Chapter 7 Trustee for the Debtor's estate. Notice of Appointment of Interim Trustee (ECF No. 3).

8. Through counsel, I have advised the Debtor that his rights as a member of the LLC, including distribution rights, are property of the estate under Bankruptcy Code section 541(a); and that the Debtor's right to receive monthly post-petition distributions, in particular, is property of the estate under section 541(a)(6).

9. The Debtor disputed my position; and indicated his intention to seek conversion of the case to chapter 13.

10. In response, through counsel, I informed the Debtor that I would oppose conversion on the grounds, among others, that (i) the Debtor, in seeking such relief, would be acting in bad faith under section 706 and the "Marrama" decision and under section 1325(a)(3)); (ii) under section 1325(a)(4), the "best interests" test requires that each creditor receive at least as much as that creditor would have received if the debtor had proceeded under chapter 7, and here, the Debtor, with his limited disposable income, cannot satisfy the test, and thus, the Debtor cannot propose a confirmable chapter 13 plan, and thus, the case should not and cannot be converted to chapter 13; (iii) under section 1322(a)(2), administrative expenses would have to be paid in full, and here, I would seek payment of the full amount of my counsel's chapter 7 administrative expenses, an amount that the Debtor cannot afford to pay; and (iv) in the event of conversion, I would seek

payment of my own compensation on a quantum merit basis, yet another expense that the Debtor cannot afford to pay.

**<u>The Parties Reach Settlement.</u>**

11. The parties have recently conducted discussions regarding settlement of the Debtor's LLC interest.

12. In order to avoid the expense and uncertainty of outcome associated with litigating issues relating to the LLC interest and with conversion of the case to chapter 13, I have negotiated with the Debtor the terms of a settlement whereby I agree to waive and release the estate's interest in the LLC to the Debtor in exchange for certain consideration paid by the Debtor to the estate, that is, payments that will eventually generate a full recovery for general unsecured creditors in this case. The settlement remains subject to Bankruptcy Court approval and to any higher and better offer made by a third party before approval of this Settlement Agreement.

13. In the absence of a settlement, in order to realize value from the LLC interest for the benefit of the estate, I would have to seek pursuant to Bankruptcy Code section 542 turnover of any post-petition distributions from the LLC; obtain a charging order against the LLC interest under New Jersey law, and even if I were successful, receive only relatively modest distributions over time; and obtain a determination that the LLC interest is property of the estate and then value, market, and sell the interest to a third party, with no guarantee of a significant recovery. At the same time, I would have to oppose an expected motion by the Debtor for conversion of the case to chapter 13. Because such events would only cause delay in administration of and significant costs to the Chapter 7 estate, I believe that this Settlement Agreement is in the best interest of the bankruptcy estate, that it falls within the range of reasonableness, and that it should be approved under applicable law.

14. On August 4, 2026, the Debtor and I agreed on the terms of the Settlement Agreement. A copy is annexed hereto as Exhibit A. The material terms are as follows:

(i) The bankruptcy estate shall waive and release its interest in the LLC to the Debtor; and the Debtor shall pay to the estate the amount of $65,055.37 (the "Settlement Amount"), as follows: (i) $24,055.37 for payment of all general unsecured creditors' claims (reflecting the voluntary reduction of the claim of Hanlon, Niemann & Wright, P.C. from the amount of $32,101.44 to the amount of $14,000); (ii) $35,000 for payment of administrative expenses; and (iii) $6,000 for the payment of my statutory commission, Exh. A ¶ 2;

(ii) The Debtor shall make an initial payment of $40,000 to the estate within ten (10) business days of the date on which the Bankruptcy Court enters an order approving the Settlement Agreement; and the Debtor shall pay the remaining balance of the Settlement Amount in equal monthly payments over a period of 18 months, on the first day of each month, beginning in September 2026, id. ¶ 3;

(iii) Approval of the Settlement Agreement by this Court is subject to any higher and better offer by any third party made before or at the hearing on approval of the Agreement, id. ¶ 4; and

(iv) Upon payment of the Settlement Amount, the parties release all claims against each other, id. ¶ 5.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false I am subject to punishment.

By: /s/ Jeffrey A. Lester
JEFFREY A. LESTER

Dated: August 10, 2026

# Exhibit A

**SETTLEMENT AND MUTUAL RELEASE AGREEMENT**

This Settlement and Mutual Release Agreement (the "Settlement Agreement") is made effective as of the Effective Date (as defined below) by and among Jeffrey A. Lester (the "Trustee"), in his capacity as the chapter 7 trustee for the bankruptcy estate of Ilias Sarris (the "Debtor"), on the one hand, and the Debtor, on the other hand, each of whom separately agrees to this Settlement Agreement. The Trustee, acting on behalf of the Debtor's bankruptcy estate, and the Debtor are each a "Party," and together, the "Parties." The Parties, by and through their respective undersigned representatives, agree as follows:

**RECITALS**

A. The Debtor is a member and 23.67% owner of Sarris Family, LLC (the "LLC").

B. On May 7, 2025, the Debtor filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey.

C. On May 8, 2025, the Trustee was appointed Chapter 7 Trustee for the Debtor's estate.

D. In order to avoid the expense and uncertainty of outcome associated with litigating issues relating to the LLC interest, the Trustee has negotiated with the Debtor the terms of this Settlement Agreement whereby the Trustee agrees to waive and release the estate's interest in the LLC to the Debtor in exchange for certain consideration paid by the Debtor to the estate, subject to Bankruptcy Court approval and to any higher and better offer made by a third party before approval of this Settlement Agreement.

E. The Parties have had the opportunity to consult with their respective counsel in connection with the matters raised in this Settlement Agreement.

F. The Trustee believes that this Settlement Agreement is in the best interest of the bankruptcy estate, that it falls within the range of reasonableness, and that it should be approved under applicable law.

G. This Settlement Agreement constitutes a full and final settlement of any and all claims between the parties.

**NOW, THEREFORE,** in consideration of the premises aforesaid and the mutual covenants herein contained, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and subject to approval by the Bankruptcy Court, the Parties hereby agree as follows:

**AGREEMENT**

1. **Recitals Incorporated**. The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full and made a part of this Settlement Agreement.

2. **Settlement Consideration**. The bankruptcy estate shall waive and release its interest in the LLC to the Debtor. In exchange, the Debtor shall pay to the estate the amount of $65,055.37 (the "Settlement Amount"), as follows: (i) $24,055.37 for payment of all general unsecured creditors' claims (reflecting the voluntary reduction of the claim of Hanlon, Niemann & Wright, P.C. from the amount of $32,101.44 to the amount of $14,000); (ii) $35,000 for payment of administrative expenses; and (iii) $6,000 for the payment of the Trustee's statutory commission.

3. **Timing of Payment**. The Debtor shall make an initial payment of $40,000 to the estate within ten (10) business days of the date on which the Bankruptcy Court enters an order approving this Settlement Agreement; and the Debtor shall pay the remaining balance of the Settlement Amount in equal monthly payments over a period of eighteen (18) months, on the first day of each month, beginning in September 2026.

4. **Higher and Better Offers**. Approval of this Settlement Agreement by the Bankruptcy Court is subject to any higher and better offer by any third party made before or at the hearing on approval of the Agreement.

5. **Releases as Additional Consideration**. Upon payment of the Settlement Amount, (i) the Trustee and the bankruptcy estate release the Debtor of all claims including claims for attorneys' fees), demands, obligations, representations, warranties, contracts, causes of action, losses, and damages whatsoever, in law or in equity, whether contingent, liquidated, unliquidated, disputed, secured or unsecured, asserted or unasserted, matured or unmatured, known or unknown, past, present, or future, which the Trustee currently has, has ever had, or may in the future have against the Debtor, from the beginning of time until the date of this Settlement Agreement; and (ii) the Debtor releases the Debtor's Chapter 7 estates and the Trustee and his retained professionals of all claims (including claims for attorneys' fees), demands, obligations, representations, warranties, contracts, causes of action, losses, and damages whatsoever, in law or in equity, whether contingent, liquidated, unliquidated, disputed, secured or unsecured, asserted or unasserted, matured or unmatured, known or unknown, past, present, or future, which the Debtor currently has, has ever had, or may in the future have against the Trustee or the Debtor's bankruptcy estate, from the beginning of time until the date of this Settlement Agreement. Expressly excluded from this release are (i) the Debtor's obligation to comply with the terms of this Settlement Agreement; and (ii) the Trustee's right to enforce the terms of this Settlement Agreement.

6. **Covenant Not To Sue**. Upon payment of the Settlement Amount, the Parties agree that they will not sue each other with regard to any of the claims released in Paragraph 5 hereof in any court of competent jurisdiction including, without limitation, the Bankruptcy Court.

7. **Court Approval of the Settlement**. Within fourteen (14) days of the date of the last signature hereto, the Trustee shall move in the Bankruptcy Court for an order pursuant to Bankruptcy Rule 9019 approving this Settlement Agreement in form and substance reasonably acceptable to the Parties (the "Approval Order"), and on notice to all interested parties, including parties required to receive notice under Bankruptcy Rules 9019 and 2002. If the Bankruptcy Court denies the motion, this Settlement Agreement shall be null and void and the Parties shall confer in good faith in an effort to resolve the Bankruptcy Court's concerns regarding this Settlement Agreement without further consideration to either Party.

8. **Effective Date**. The effective date of this Settlement Agreement (the "Effective Date") shall be the date on which the Approval Order becomes a Final Order. As used herein, a "Final Order" means an order or judgment of the Bankruptcy Court that has not been reversed, stayed, modified, or amended and for which the deadline for appeal has expired and no appeal, motion for leave to appeal, motion for reconsideration or rehearing, motion to amend to make amended or additional findings, or motion for extension of time for filing of appeal or any such motion is pending.

9. **Default**. In the event that a Party defaults under this Settlement Agreement, any non-defaulting Party shall have all rights available at law or equity, including but not limited to

the right to enforce this Settlement Agreement, and/or the right to rescind this Settlement Agreement and retain any amounts paid.

10. **Fees and Costs.** Each Party shall bear its own costs and expenses, including attorneys' fees, arising out of or relating to this Settlement Agreement, including those arising on or after the date of this Settlement Agreement.

11. **Counterparts.** This Settlement Agreement may be executed in any number of counterparts by the Parties on different counterpart signature pages, all of which taken together shall constitute one and the same Settlement Agreement. Any of the Parties may execute this Settlement Agreement by signing any such counterpart and each of such counterparts shall for all purposes be deemed an original. This Settlement Agreement may be executed and delivered by e-mail (including PDF), and such execution shall have the same force and effect as an original signature.

12. **Further Assurances and Documentation.** Upon request and without further consideration, any Party shall promptly execute, deliver, acknowledge, and/or file any other or further documents, agreements, certificates or instruments, and shall do such further acts, as the persons or entities entitled to the benefit of this Settlement Agreement may reasonably request to effectuate or evidence the transactions contemplated by this Settlement Agreement.

13. **Language Construed as Jointly Drafted by the Parties.** The Parties hereby acknowledge that each of them has had a full opportunity to participate in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity shall be construed neither for nor against any of the Parties.

14. Entire Agreement. This Settlement Agreement contains the entire agreement among the Parties and supersedes all other prior agreements, understandings, or discussions, both written and oral, among the Parties, if any, with respect to the matters addressed herein.

15. Severability/Validity of Agreement. Nothing in this Settlement Agreement is intended to violate any law or shall be interpreted to violate any law. If any provision or part or subpart of any provision in this Settlement Agreement or the application thereof is construed to be overbroad and/or unenforceable, then the tribunal making such determination shall have the authority to narrow the provision or part or subpart of the provision as necessary to make it enforceable and the provision or part or subpart of the provision shall then be enforceable in its narrowed form. Moreover, each provision or part or subpart of each provision in this Settlement Agreement is independent of and severable/separate from each other. In the event that any provision or part or subpart of any provision in this Settlement Agreement is determined to be legally invalid or unenforceable and cannot be modified to be enforceable, the affected provision or part or subpart of such provision shall be stricken from the Agreement, and the remaining provisions or parts or subparts of such provisions of the Agreement and their enforceability shall remain unaffected thereby.

16. Captions. The captions of this Settlement Agreement are for convenience only and are not a part of this Settlement Agreement and do not in any way limit or amplify the terms and provisions of this Settlement Agreement and shall have no effect on its interpretation.

17. No Admission of Liability. This Settlement Agreement is in compromise of disputed claims between the Parties. It shall not be construed as an admission by any of the Parties or by any of their respective present or former affiliates, partners, parent entities, equity owners, assigns, trustees, directors, officers, employees, agents, attorneys, or representatives of any kind,

of a violation of any federal, state, or local statute, regulation, judicial doctrine, or other law, or a violation of any right, or breach of any duty, obligation, or contract. All communications (whether oral or in writing) between and/or among the Parties, their respective counsel, and/or other respective representatives relating to, concerning or in connection with this Settlement Agreement, or the matters covered hereby and thereby, shall be governed and protected in accordance with Federal Rule of Evidence 408 and all other similar rules and laws to the fullest extent permitted by law, and no Party hereto shall seek to admit this Settlement Agreement into evidence against any other party hereto, except in an action to obtain or to enforce or interpret the terms of this Settlement Agreement.

18. **Governing Law/Jurisdiction**. Except to the extent governed by the Bankruptcy Code, this Settlement Agreement and the rights and duties of the parties hereunder shall be governed by and construed, enforced, and performed in accordance with the laws of the State of New Jersey without giving effect to principles of conflicts of laws that would require the application of laws of another jurisdiction. The parties agree that any claims or disputes arising out of or related in any manner to this Settlement Agreement shall be properly brought only before the Bankruptcy Court for the District Court of New Jersey.

19. **Modifications to the Settlement Agreement**. This Settlement Agreement shall not be modified, altered, amended, or vacated without the prior written consent of the Parties. No waiver of any provision of this Settlement Agreement shall be effective unless the same shall be in writing and signed by the Party to be charged with such waiver.

20. **Successors and Assigns**. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto, and (as applicable) their respective executors, heirs, successors, and assigns.

21. **Acknowledgement of the Parties.** This settlement was negotiated in good faith and at arm's length by sophisticated Parties. Each of the Parties acknowledges that: (i) it has relied on its own independent investigation, and has not relied on any information or representations furnished by any other Party or any representative or agent thereof in determining whether or not to enter into this Settlement Agreement (other than the representations set forth in this Settlement Agreement); (ii) it has conducted its own due diligence in connection therewith, and reviewed such information as it deemed appropriate, concerning the terms and conditions of this Settlement Agreement; and (iii) it possesses the knowledge, experience, and sophistication to allow it to fully evaluate and accept the merits and risks of entering into the transactions contemplated by this Settlement Agreement without undertaking further discovery.

22. **Notices.** All notices given pursuant to this Settlement Agreement shall be given in writing and sent by email and first-class mail as follows:

If to the Trustee:

Jonathan I. Rabinowitz, Esq.
Rabinowitz, Lubetkin & Tully, LLC
293 Eisenhower Parkway, Suite 100
Livingston, NJ 07039
Email: jrabinowitz@rltlawfirm.com

If to the Debtor:

Jamal Romero, Esq.
Scura, Wigfield, Heyer, Stevens & Cammarota, LLP
1 Harmon Meadow Blvd
Suite 201
Secaucus, NJ 07094
Email: jromero@scura.com

23. **Authorization.** Each person executing this Settlement Agreement on behalf of a Party warrants and represents that he is authorized and empowered to execute and deliver this Settlement Agreement on behalf of such Party.

Dated: 8/4/26

JEFFREY A. LESTER, CHAPTER 7 TRUSTEE
FOR BANKRUPTCY ESTATE OF ILIAS
SARRIS

BY: ______________________
JEFFREY A. LESTER

Dated: 8/4/2026

ILIAS SARRIS, CHAPTER 7 DEBTOR

BY: Ilias Sarris
ILIAS SARRIS