**RABINOWITZ, LUBETKIN & TULLY, LLC**
293 Eisenhower Parkway, Suite 100
Livingston, N.J. 07039
(973) 597-9100
Jonathan I. Rabinowitz
Henry M. Karwowski
jrabinowitz@rltlawfirm.com
Attorneys for Jeffrey A. Lester, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>ILIAS SARRIS,<br><br>Debtor. | Case No. 25-14910 (SLM)<br><br>Chapter 7<br><br>Hearing Date: Sept. 8, 2026 at 10:00 AM |

**MOTION OF JEFFREY A. LESTER, CHAPTER 7 TRUSTEE, FOR APPROVAL OF SETTLEMENT AND MUTUAL RELEASE AGREEMENT WITH ILIAS SARRIS, CHAPTER 7 DEBTOR**

TO: Honorable Stacey L. Meisel
United States Bankruptcy Judge

Jeffrey A. Lester, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Ilias Sarris (the "Debtor"), by and through his counsel, hereby respectfully states as follows:

**PRELIMINARY STATEMENT**

1. The Trustee hereby submits pursuant to Bankruptcy Rule 9019 and Local Bankruptcy Rule 9019-3 this Motion for an order approving a certain Settlement and Mutual Release Agreement (the "Settlement Agreement") between the Trustee, acting on behalf of the Debtor's bankruptcy estate, on the one hand, and the Debtor, on the other hand; the settlement resolves the Debtor's interest in a certain limited liability company.

2. As set forth in detail below, the probability of the Trustee's success in litigation regarding the LLC interest; possible difficulties in collection; the complexity, expense, and

inconvenience of and delay associated with litigation regarding the LLC interest; and the paramount interest of creditors each and collectively support approval of the Settlement Agreement. Accordingly, the Trustee respectfully requests that this Court approve the Settlement Agreement.

3. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b)(A) and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

**Background.**

4. The Debtor is a member and 23.67% owner of Sarris Family, LLC (the "LLC"). Certif. of Jeffrey A. Lester in Support of Motion for Approval of Settlement and Mutual Release Agreement with Ilias Sarris, Chapter 7 Debtor ("Lester Certif.") ¶ 4.

5. The Debtor receives monthly distributions on account of his interest in the LLC. Id. ¶ 5.

6. On May 7, 2025, the Debtor filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey. Petition (ECF No. 1).

7. On May 8, 2025, the Trustee was appointed Chapter 7 Trustee for the Debtor's estate. Notice of Appointment of Interim Trustee (ECF No. 3).

8. Through counsel, the Trustee has advised the Debtor that the Debtor's rights as a member of the LLC, including distribution rights, are property of the estate under Bankruptcy Code section 541(a); and that the Debtor's right to receive monthly post-petition distributions, in particular, is property of the estate under section 541(a)(6). Lester Certif. ¶ 8.

9. The Debtor disputed the Trustee's position; and indicated his intention to seek conversion of the case to chapter 13. Id. ¶ 9.

10. In response, through counsel, the Trustee informed the Debtor that he would oppose conversion on several grounds as set forth below. Id. ¶ 10.

**The Parties Reach Settlement.**

11. The parties have recently conducted discussions regarding settlement of the Debtor's LLC interest. Id. ¶ 11.

12. In order to avoid the expense and uncertainty of outcome associated with litigating issues relating to the LLC interest and with conversion of the case to chapter 13, the Trustee has negotiated with the Debtor the terms of a settlement whereby the Trustee agrees to waive and release the estate's interest in the LLC to the Debtor in exchange for certain consideration paid by the Debtor to the estate, subject to Bankruptcy Court approval and to any higher and better offer made by a third party before approval of this Settlement Agreement. Id. ¶ 12.

13. In the absence of a settlement, the Trustee, in order to realize value from the LLC interest for the benefit of the estate, would have to seek pursuant to Bankruptcy Code section 542 turnover of any post-petition distributions from the LLC; obtain a charging order against the LLC interest under New Jersey law, and even if he were successful, receive only relatively modest distributions over time; and obtain a determination that the LLC interest is property of the estate and then value, market, and sell the interest to a third party, with no guarantee of a significant recovery. At the same time, the Trustee would have to oppose an expected motion by the Debtor for conversion of the case to chapter 13. Because such events would only cause delay in administration of and significant costs to the Chapter 7 estate, the Trustee believes that this Settlement Agreement is in the best interest of the bankruptcy estate, that it falls within the range of reasonableness, and that it should be approved under applicable law. Id. ¶ 13.

14. On August 4, 2026, the Trustee and the Debtor agreed on the terms of the Settlement Agreement. Id. ¶ 14. The material terms are as follows:

(i) The bankruptcy estate shall waive and release its interest in the LLC to the Debtor; and the Debtor shall pay to the estate the amount of $65,055.37 (the "Settlement Amount"), as follows: (i) $24,055.37 for payment of all general unsecured creditors' claims (reflecting the voluntary reduction of the claim of Hanlon, Niemann & Wright, P.C. from the amount of $32,101.44 to the amount of $14,000); (ii) $35,000 for payment of administrative expenses; and (iii) $6,000 for the payment of the Trustee's statutory commission, id. Exh. A ¶ 2;

(ii) The Debtor shall make an initial payment of $40,000 to the estate within ten (10) business days of the date on which the Bankruptcy Court enters an order approving the Settlement Agreement; and the Debtor shall pay the remaining balance of the Settlement Amount in equal monthly payments over a period of 18 months, on the first day of each month, beginning in September 2026., id. Exh. A ¶ 3;

(iii) Approval of the Settlement Agreement by this Court is subject to any higher and better offer by any third party made before or at the hearing on approval of the Agreement, id. Exh. A ¶ 4; and

(iv) Upon payment of the Settlement Amount, the parties release all claims against each other, id. Exh. A ¶ 5.

15. This summary appears for illustrative purposes only; the complete terms of the settlement appear in the Settlement Agreement attached as Exhibit A to the Lester Certif.

## LEGAL ARGUMENT

## THIS COURT SHOULD APPROVE THE SETTLEMENT.

16. The Trustee now moves for approval of the Settlement Agreement with the Debtor.

17. Bankruptcy Rule 9019(a) authorizes a court, after notice and a hearing, to approve a compromise or settlement of controversy. Settlements are favored in bankruptcy because they minimize litigation and expedite administration of the bankruptcy estate. Myers v. Martin (In re Martin), 91 F.3d 389, 392 (3d Cir. 1996).

18. Before approving a settlement, a bankruptcy court must examine the fairness, reasonableness, and adequacy of the settlement in light of the Third Circuit's traditional "Martin" factors. Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.), 283 F.3d 159, 165 (3d Cir. 2002). The four factors are: (i) the probability of success in litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and (iv) the paramount interest of the creditors. Ibid. (citing Martin, 91 F.3d at 393).

19. In applying the factors, "[t]he Bankruptcy Court need not probe the merits of all claims or conduct a 'mini-trial' before approving the settlement; rather, avoiding litigating the issues is one of the main advantages of settlement." Stanziale v. U.S. Risk Ins. Group, Inc. (In re NovaPro Holdings, LLC), 815 F. App'x 655, 658 (3d Cir. 2020).

20. Instead, the court need only canvas the issues to determine whether the settlement falls above the "lowest point in the range of reasonableness"; and under normal circumstances, the court should defer to the trustee's judgment so long as there is a legitimate business justification. In re ID Liquidation One, LLC, 555 F. App'x 202, 207 (3d Cir. 2014) (quoting In re Capmark Fin. Grp. Inc., 438 B.R. 471, 515 (Bankr. D. Del. 2010)); Martin, 91 F.3d at 395.

21. Applying this analysis, this Court has approved settlements under Rule 9019. See, e.g., In re Roper & Twardowsky, LLC, 559 B.R. 375, 395-400 (Bankr. D.N.J. 2016) (approving settlement of law firm's claim for legal fees because firm possessed extensive evidence to support its claim, litigation would be complex and expensive, settlement would reduce total amount of claims against estate by $500,000, and settlement would not prejudice plaintiffs in underlying state court litigation; and approving settlement of separate law firm's claim because probability of success in litigation was unclear, there was strong possibility that litigation would be expensive, settlement would affect over 50% reduction in claim, and final claim amount was *de minimis* in light of other claims).

22. Here, for the following reasons, the Martin factors weigh in favor of approval of the Settlement Agreement. First, while the Trustee believes that he has meritorious arguments on the issues of whether the LLC interest and any distributions made on account of the interest constitute property of the estate, [1] and whether the Debtor can successfully seek conversion of the case to chapter 13,[2] the prosecution of his case is not without risk. In fact, if he were to proceed

---

[1] Citing section 541(c)(1), courts have held that notwithstanding any restriction in an operating agreement or applicable state law, a limited liability company member's rights and interests, both economic and non-economic, constitute property of the estate. See, e.g., Fursman v. Ulrich (In re First Protection, Inc.), 440 B.R. 821, 830 (9th Cir. BAP 2010) ("We conclude that all of the Debtors' [members'] contractual rights and interest in Redux [LLC] became property of the estate under § 541(a) by operation of law when they filed their petition."); Yun Hei Shin v. Altman (In re Altman), 2018 Bankr. LEXIS 1947, at *15 (B.A.P. 9th Cir. June 26, 2018) ("In sum, under the Operating Agreement, [debtor] had the prepetition contractual right to manage DSF [LLC]. The bankruptcy court correctly found that this non-economic contractual right to manage DSF was property of [debtor's] estate under § 541(a)(1) and therefore protected by the automatic stay."); In re Envision Healthcare Corp., 655 B.R. 701, 711 (Bankr. S.D.N.Y. 2023) ("This decision clarifies that a member of a Delaware LLC who starts a bankruptcy case keeps *all* legal and equitable interests in the LLC that it held as of the commencement of the case. Managerial and voting rights are legal and equitable interests that [debtor] held as of the petition date, so they are included as property of its estate.").

[2] Before reaching settlement, the Trustee informed the Debtor that he would oppose conversion on the grounds, among others, that (i) the Debtor, in seeking such relief, would be acting in bad faith

with litigation, the Trustee would face the possibility that he would generate no or only comparatively little recovery with respect to the LLC interest. Therefore, an analysis of the probability of success on the merits militates in favor of the settlement.

23. Second, were he to obtain a charging order against the LLC interest under New Jersey law,[3] the estate would receive only relatively modest distributions over time; alternatively,

---

under section 706 and the "Marrama" decision and under section 1325(a)(3)); (ii) under section 1325(a)(4), the "best interests" test requires that each creditor receive at least as much as that creditor would have received if the debtor had proceeded under chapter 7, and here, the Debtor, with his limited disposable income, cannot satisfy the test, and thus, the Debtor cannot propose a confirmable chapter 13 plan, and thus, the case should not and cannot be converted to chapter 13; (iii) under section 1322(a)(2), administrative expenses would have to be paid in full, and here, the Trustee would seek payment of the full amount of his professional's chapter 7 administrative expenses, an amount that the Debtor cannot afford to pay; and (iv) in the event of conversion, the Trustee would seek payment of his own compensation on a quantum merit basis, yet another expense that the Debtor cannot afford to pay. Lester Certif. ¶ 10.

[3] Under New Jersey law, specifically N.J.S.A. 42:2C-43, on application by a judgment creditor of a member of a limited liability company, a court may charge the transferable interest of the member with payment of the unsatisfied amount of the judgment with interest. New Jersey courts have not hesitated to award this remedy. See, e.g., Absen, Inc. v. LED Capital, LLC, 2023 U.S. Dist. LEXIS 8490, at *7-9 (D.N.J. Jan. 18, 2023) (ordering "[t]hat defendant/judgment debtor Dekeyzer's interest in IC Technologies LLC is charged with a lien until the judgment held by judgment creditor Absen, Inc, has been satisfied in full"; and "[t]hat any distributions by IC Technologies LLC due judgment debtor Dekeyzer based upon his interest in IC Technologies shall instead be paid immediately to the judgment creditor Absen, Inc"); Securities & Exchange Commission v. Brogdon, 2021 U.S. Dist. LEXIS 125703, at *14-15 (D.N.J. July 2) (granting motion for charging order against limited liability companies), aff'd, 2021 U.S. App. LEXIS 39237 (3d Cir. Nov. 19, 2021); Government Employees Ins. Co. v. Hamilton Healthcare Ctr., P.C., 2019 U.S. Dist. LEXIS 8130, at *2-4 (D.N.J. Jan. 17) (granting motion for order "that would charge Defendant Khan's interests with paying the outstanding judgment amount," where "Defendant Khan has an ownership interest in Pennsauken Diagnostic Center, LLC . . . and Professional Medical Resource Management, LLC"), aff'd, 2019 U.S. App. LEXIS 39690 (3d Cir. May 28, 2019); see also N.J.S.A. 42:2C-34(a) ("Any distributions made by a limited liability company before its dissolution and winding up shall be in equal shares among members and dissociated members, except to the extent necessary to comply with . . . any order in effect under section 43 of this act [N.J.S.A. 42:2C-43]."); N.J.S.A. 42:2C-34(d) ("If a member or transferee becomes entitled to receive a distribution, the member or transferee has the status of, and is entitled to all remedies available to, a creditor of the limited liability company with respect to the distribution."); N.J.S.A. 42:2C-42(b) ("A transferee has the right to receive, in accordance with the transfer, distributions to which the transferor would otherwise be entitled.").

even if he were to obtain a determination that the interest qualifies as property of the estate, he would still have to value, market, and sell the property, with no guarantee of a significant recovery. Under these circumstances, the possible difficulties in collection favors settlement.

24. Third, although it supports the Trustee's position, case law governing whether a membership interest constitutes property of the estate is not conclusively settled; at the very least, the applicable law is complex. Also, this case has already been pending for more than a year; and the Trustee has already incurred substantial fees and expenses in order to establish his position regarding the LLC interest and related issues. And in the absence of settlement, the Debtor's estate would only continue to incur significant expense, not only on the LLC issue, but also on collection, whether by way of turnover, charging order, and/or sale of the interest, not to mention a possible motion by the Debtor to convert the case. What's more, this litigation could last for months if not longer. Thus, continued litigation would only cause further inconvenience and delay, with no assurance of success. In contrast, if the settlement is approved, not only would the LLC interest issue be concluded with finality, but the bankruptcy case could be fully administered and closed more quickly. Thus, the complexity, expense, inconvenience, and delay associated with litigation warrants approval of the settlement.

25. Finally, under the Settlement Agreement, the estate stands to receive a significant sum for a consumer case. In point of fact, general unsecured creditors will each receive a full distribution on account of their claims, without the risk, cost, expense, inconvenience, delay, and uncertainty of litigation. Meanwhile, if the settlement is not approved, the Trustee would face the prospect of prosecuting – for months if not longer – the LLC interest issue, with no certainty of success in the litigation; and the possibility of generating a lesser recovery for creditors even if he

were to succeed; and also the possibility of having to oppose conversion of the case, here too without assurance of success.

26. Therefore, based on the four Martin factors, consisting of the risk and lack of certainty of success in litigation; the possible difficulties in collection; the complexity, expense, inconvenience, and delay associated with litigation; and the paramount interests of creditors, the Trustee respectfully submits that, in his good faith business judgment, the proposed settlement represents the best possible outcome for the Debtor's estate and easily falls within the lowest range of reasonableness required for such a settlement. Accordingly, the Trustee respectfully requests that this Court approve the Settlement Agreement in all respects.

## CONCLUSION

The Trustee respectfully requests that this Court grant his Motion for Approval of the Settlement and Mutual Release Agreement and grant in his favor such other relief as is just.

Date: August 10, 2026

**RABINOWITZ, LUBETKIN & TULLY, LLC**
Attorneys for Jeffrey A. Lester, Chapter 7 Trustee

By: /s/ Jonathan I. Rabinowitz
JONATHAN I. RABINOWITZ