**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>LAW OFFICE OF BARRY E. JANAY, P.C.<br>Barry E. Janay, Esq. (Attorney ID No. 216812017)<br>354 Eisenhower Parkway, Suite 1250<br>Livingston, New Jersey 07039<br>Telephone: (908) 460-1741<br>Email: bjanay@lobej.com<br>Attorneys for Debtor, Ilias Sarris | |
| In re:<br><br>ILIAS SARRIS,<br><br>Debtor. | Case No.: 25-14910 (SLM)<br>Chapter: 7<br>Judge: SLM<br>Hearing Date: Requested: October 6, 2026 at 9:00 a.m. (to be set by Order Shortening Time)<br>Oral Argument Requested if Opposed |

**CERTIFICATION OF ILIAS SARRIS IN SUPPORT OF DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) CONVERTING CASE FROM CHAPTER 7 TO CHAPTER 13 PURSUANT TO 11 U.S.C. § 706(a), AND (II) STAYING AND ADJOURNING THE CHAPTER 7 TRUSTEE'S OCTOBER 5, 2026 AUCTION AND OCTOBER 6, 2026 SALE HEARING**

I, Ilias Sarris, of full age, hereby certify as follows:

1. I am the debtor in this chapter 7 case (the "Debtor"). I have personal knowledge of the facts set forth in this Certification, which I submit pursuant to D.N.J. LBR 7007-1 and 28 U.S.C. § 1746.

2. On May 7, 2025, I filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. This case has not previously been converted from any other chapter. To the best of my recollection, I have not previously filed any other bankruptcy case.

3. I filed this case, and entered into the settlement with the chapter 7 trustee, Jeffrey A. Lester (the "Trustee"), that is the subject of the Trustee's Motion to Approve Compromise or Settlement under Rule 9019 (Dkt. No. 19) (the "Settlement Motion"), while represented by my

prior counsel, Scura, Wigfield, Heyer, Stevens & Cammarota, LLP. I signed the settlement agreement as prepared and presented to me. On September 28, 2026, I retained the Law Office of Barry E. Janay, P.C. in substitution for my prior counsel.

4. I own a 23.67% membership interest (the "Membership Interest") in Sarris Family, LLC (the "Company"), a New Jersey limited liability company. The other members of the Company are members of my family: George K. Sarris, II (33.33%), who is my nephew and the Company's managing member; Michael Sarris (29%); Evdoxia Sarris-Fasouletos (7%); and Savasti Sarris-Christodoulakis (7%). A true copy of the Company's Operating Agreement, dated as of December 9, 2020, is attached as **Exhibit B**.

5. The Company owns the commercial property located at 4135 U.S. Route 9, Freehold, New Jersey 07728 (the "Property"), which is leased to a diner. The Company's books and records are maintained by its managing member. The Schedules K-1 the Company issued to me, attached as **Exhibit D**, report my share of the Company's qualified nonrecourse financing as $103,734 at the end of 2025, which I understand reflects financing secured by the Property. Based on my 23.67% share, that indicates total Company financing of approximately $438,000.

6. I receive regular distributions from the Company on account of the Membership Interest. The amount of the distributions is determined by the Company. According to my Schedules K-1 (**Exhibit D**), my distributions were $17,774 in 2023, $18,603 in 2024, and $19,786 in 2025. On a monthly basis, that comes to approximately $1,481, $1,550, and $1,649, respectively. Those distributions are more than half of my personal income.

7. I believe the Membership Interest is worth far more than the $85,000 bid submitted by George K. Sarris, II. According to the New Jersey property records for the Property (Freehold Township, Block 6, Lot 31), a printout of which is attached as **Exhibit E**, the Property has a net assessed value of $2,957,100 for real estate tax purposes. My 23.67% share of that assessed value is approximately $700,000. Net of my share of the Company financing reported on my Schedules K-1, my share is approximately $596,000. I am obtaining an independent valuation of the Property and the Membership Interest and will submit it when it is complete.

8. George K. Sarris, II controls the Company's operations, books and records, and distributions. To my knowledge, the Trustee has not obtained an appraisal or other independent valuation of the Property or the Membership Interest, and the Membership Interest has not been marketed to anyone other than George K. Sarris, II and me. A sale to George K. Sarris, II at or near his $85,000 bid would sell to the Company's managing member an interest that is worth at least approximately $596,000 according to the real estate tax assessment, net of the financing reported on my Schedules K-1. Under the Operating Agreement (**Exhibit B**): (a) except where the agreement provides otherwise, all decisions of the members require a unanimous vote (§ 4.3); (b) if a member becomes a debtor in bankruptcy, the Company, if directed by a majority vote of the other members, must purchase that member's interest at its fair market value as determined by independent M.A.I. appraisers, and the purchased interest is distributed among the remaining members in proportion to their interests (§§ 5.3, 5.5.1); and (c) a member's interest may not be transferred to a non-member without the written consent of all members (§ 5.2). If George K. Sarris, II acquires my interest, his share of the Company will increase from 33.33% to 57%, and my vote on Company decisions will be eliminated.

9. I am an individual. My income consists of Social Security benefits of $1,613 per month in 2026 after deductions, as shown on the Social Security Administration's 2026 notice attached as **Exhibit C**, and the Company distributions described above. My wife, who is not a debtor, has monthly income of $970. The monthly expenses reflected on my Schedule J total approximately $4,207. Those figures were estimates, prepared when this case was filed under chapter 7 and not with a chapter 13 budget in mind, and several of them are discretionary. It is not clear from the form or the figures whether they reflect only my own expenses or the expenses of my entire household, including my wife. They are not a reliable measure of what my wife and I can pay to a chapter 13 plan. They include approximately $650 per month for food, $250 per month for clothing, and $1,000 per month for rent, which is paid to a member of my family who may be able to reduce it. If this case is converted, I will file an amended Schedule J, and I can provide more precise figures upon request. I can provide my bank statements to the Court and the chapter 13

trustee upon request. These sources of income are long-standing and were disclosed in my original Schedules.

10. As of the date I filed my petition, I had no secured debts, and my unsecured debts totaled approximately $76,783, as reflected on my Schedules. Both amounts are well below the limits set by 11 U.S.C. § 109(e) as adjusted effective April 1, 2025 ($1,580,125 secured and $526,700 unsecured).

11. I wish to convert this case to chapter 13 so that I can pay all of my creditors in full, with interest, under a chapter 13 plan while retaining the Membership Interest. As early as April 2026, before the settlement was reached, I advised the Trustee, through my prior counsel, that I intended to seek conversion of this case to chapter 13, and the Trustee responded that he would oppose conversion. The Trustee has confirmed those facts in his own certification in support of the Settlement Motion. (Certification of Jeffrey A. Lester, Dkt. No. 19-1, ¶¶ 9–10, 12–13, relevant portions of which are attached as **Exhibit A**.)

12. If this case is converted, my plan will be funded as set forth in the certifications of my wife and my son filed herewith (the "Funding Certifications"): (a) up to $90,000, which is on deposit in the bank account of my wife, Anna Sarris, to be paid to the chapter 13 trustee within thirty (30) days after conversion; (b) up to $1,000 per month for up to sixty (60) months, or up to $60,000, from the income of my son, George Sarris (who is not George K. Sarris, II); and (c) up to $500 per month for up to sixty (60) months, or up to $30,000, from my wife and me. Together, these commitments total up to $180,000. These funds will be used so that the plan can pay, in the amounts allowed by the Court, all allowed general unsecured claims with interest, all allowed administrative expenses of the chapter 7 estate, and the chapter 13 trustee's fee. **The monthly amounts in clauses (b) and (c) are ceilings, not fixed payments.** The amounts actually needed will depend on the claims and administrative expenses the Court ultimately allows, which are not yet known; no application for compensation has been filed. My wife, my son, and I understand that updated amounts will be determined as those figures become known, that I may seek reductions and will object to claims and applications for compensation where appropriate, and that the

monthly payments will be reduced to the extent the allowed amounts are lower. If more is needed, members of my family are prepared to contribute additional funds, and my wife and I can also reduce the discretionary household expenses described in paragraph 9.

13. It is my intention that my son, George Sarris, will ultimately receive the Membership Interest. He therefore has a direct personal stake in seeing that the plan is completed.

14. I have disclosed all of my assets and liabilities in my Schedules, including the Membership Interest. I have not concealed or transferred any property. I am not seeking conversion to delay my creditors or to avoid any obligation; I am seeking conversion to pay them in full.

15. I oppose the proposed auction and any sale of the Membership Interest to George K. Sarris, II. If this case is converted, the Settlement Motion will be moot.

16. If the proposed auction proceeds and a sale to George K. Sarris, II is confirmed, the Membership Interest will be transferred to him within days and cannot be recovered, even if the Court later grants conversion. I would permanently lose an interest worth at least approximately $596,000 according to the real estate tax assessment, net of Company financing, together with the distributions that make up more than half of my personal income.

17. A short delay will not harm the estate or my creditors. The Membership Interest and the Property are not perishable, the Property continues to generate rent, and every creditor will be paid in full under my plan.

18. For the reasons stated above, I respectfully request that the Court convert this case to chapter 13 and, until it does so, stay the proposed October 5, 2026 auction and adjourn the October 6, 2026 hearing on the Settlement Motion.

Exhibits: **A** – Lester Certification (Dkt. No. 19-1), pp. 1–5; **B** – Operating Agreement of Sarris Family, LLC (Dec. 9, 2020); **C** – SSA 2026 benefit notice; **D** – Schedules K-1, 2023–2025 (SSN redacted); **E** – N.J. property record, Block 6, Lot 31, Freehold Township.

*Remainder of page intentionally left blank. Signature page follows.*

**In re Ilias Sarris, Case No. 25-14910 (SLM)**
Signature Page to Certification of Ilias Sarris in Support of Debtor's Emergency Motion to Convert Case to Chapter 13 and to Stay Auction

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 1, 2026

/s/ Ilias Sarris
Ilias Sarris
Debtor