In re Ilias Sarris, Case No. 25-14910 (SLM)
*Certification of Ilias Sarris in Support of Emergency Motion*

# EXHIBIT A

Certification of Jeffrey A. Lester, Chapter 7 Trustee (Dkt. No. 19-1), pp. 1–5

**RABINOWITZ, LUBETKIN & TULLY, LLC**
293 Eisenhower Parkway, Suite 100
Livingston, N.J. 07039
(973) 597-9100
Jonathan I. Rabinowitz
Henry M. Karwowski
jrabinowitz@rltlawfirm.com
Attorneys for Jeffrey A. Lester, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Case No. 25-14910 (SLM) |
| ILIAS SARRIS, | Chapter 7 |
| Debtor. | Hearing Date: Sept. 8, 2026 at 10:00 AM |

**CERTIFICATION OF JEFFREY A. LESTER, CHAPTER 7 TRUSTEE, IN SUPPORT OF MOTION FOR APPROVAL OF SETTLEMENT AND MUTUAL RELEASE AGREEMENT WITH ILIAS SARRIS, CHAPTER 7 DEBTOR**

Jeffrey A. Lester, Chapter 7 Trustee, hereby certifies as follows:

1. I am the Chapter 7 Trustee for the bankruptcy estate of Ilias Sarris (the "Debtor"). As such, I am fully familiar with the matters set forth herein.

2. I submit this Certification in support of my Motion for approval of a Settlement and Mutual Release Agreement (the "Settlement Agreement") with the Debtor; the settlement resolves the Debtor's interest in a certain limited liability company.

3. Based on my experience and in my good faith business judgment, and for the reasons set forth in the Motion filed with this Certification, I submit that the proposed settlement easily satisfies the "Martin" test for approval of a settlement in bankruptcy.

**Background.**

4. The Debtor is a member and 23.67% owner of Sarris Family, LLC (the "LLC").

5. The Debtor receives monthly distributions on account of his interest in the LLC.

6. On May 7, 2025, the Debtor filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey. Petition (ECF No. 1).

7. On May 8, 2025, I was appointed Chapter 7 Trustee for the Debtor's estate. Notice of Appointment of Interim Trustee (ECF No. 3).

8. Through counsel, I have advised the Debtor that his rights as a member of the LLC, including distribution rights, are property of the estate under Bankruptcy Code section 541(a); and that the Debtor's right to receive monthly post-petition distributions, in particular, is property of the estate under section 541(a)(6).

9. The Debtor disputed my position; and indicated his intention to seek conversion of the case to chapter 13.

10. In response, through counsel, I informed the Debtor that I would oppose conversion on the grounds, among others, that (i) the Debtor, in seeking such relief, would be acting in bad faith under section 706 and the "Marrama" decision and under section 1325(a)(3)); (ii) under section 1325(a)(4), the "best interests" test requires that each creditor receive at least as much as that creditor would have received if the debtor had proceeded under chapter 7, and here, the Debtor, with his limited disposable income, cannot satisfy the test, and thus, the Debtor cannot propose a confirmable chapter 13 plan, and thus, the case should not and cannot be converted to chapter 13; (iii) under section 1322(a)(2), administrative expenses would have to be paid in full, and here, I would seek payment of the full amount of my counsel's chapter 7 administrative expenses, an amount that the Debtor cannot afford to pay; and (iv) in the event of conversion, I would seek

payment of my own compensation on a quantum merit basis, yet another expense that the Debtor cannot afford to pay.

**<u>The Parties Reach Settlement.</u>**

11. The parties have recently conducted discussions regarding settlement of the Debtor's LLC interest.

12. In order to avoid the expense and uncertainty of outcome associated with litigating issues relating to the LLC interest and with conversion of the case to chapter 13, I have negotiated with the Debtor the terms of a settlement whereby I agree to waive and release the estate's interest in the LLC to the Debtor in exchange for certain consideration paid by the Debtor to the estate, that is, payments that will eventually generate a full recovery for general unsecured creditors in this case. The settlement remains subject to Bankruptcy Court approval and to any higher and better offer made by a third party before approval of this Settlement Agreement.

13. In the absence of a settlement, in order to realize value from the LLC interest for the benefit of the estate, I would have to seek pursuant to Bankruptcy Code section 542 turnover of any post-petition distributions from the LLC; obtain a charging order against the LLC interest under New Jersey law, and even if I were successful, receive only relatively modest distributions over time; and obtain a determination that the LLC interest is property of the estate and then value, market, and sell the interest to a third party, with no guarantee of a significant recovery. At the same time, I would have to oppose an expected motion by the Debtor for conversion of the case to chapter 13. Because such events would only cause delay in administration of and significant costs to the Chapter 7 estate, I believe that this Settlement Agreement is in the best interest of the bankruptcy estate, that it falls within the range of reasonableness, and that it should be approved under applicable law.

14. On August 4, 2026, the Debtor and I agreed on the terms of the Settlement Agreement. A copy is annexed hereto as Exhibit A. The material terms are as follows:

(i) The bankruptcy estate shall waive and release its interest in the LLC to the Debtor; and the Debtor shall pay to the estate the amount of $65,055.37 (the "Settlement Amount"), as follows: (i) $24,055.37 for payment of all general unsecured creditors' claims (reflecting the voluntary reduction of the claim of Hanlon, Niemann & Wright, P.C. from the amount of $32,101.44 to the amount of $14,000); (ii) $35,000 for payment of administrative expenses; and (iii) $6,000 for the payment of my statutory commission, Exh. A ¶ 2;

(ii) The Debtor shall make an initial payment of $40,000 to the estate within ten (10) business days of the date on which the Bankruptcy Court enters an order approving the Settlement Agreement; and the Debtor shall pay the remaining balance of the Settlement Amount in equal monthly payments over a period of 18 months, on the first day of each month, beginning in September 2026, id. ¶ 3;

(iii) Approval of the Settlement Agreement by this Court is subject to any higher and better offer by any third party made before or at the hearing on approval of the Agreement, id. ¶ 4; and

(iv) Upon payment of the Settlement Amount, the parties release all claims against each other, id. ¶ 5.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false I am subject to punishment.

By: /s/ Jeffrey A. Lester
JEFFREY A. LESTER

Dated: August 10, 2026